

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~XXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable George H. Sheppard       Opinion No. 0-2859
Comptroller of Public Accounts
Austin, Texas                      Re:  Transfer of delinquent
                                        tax liens and whether
                                        homestead may be fore-
                                        closed upon for the pay-
                                        ment of delinquent taxes
Dear Sir:                               thereon.

          In your letter of October 26, 1940, you request
our opinion in substance (1) whether a person may at the
request of the owner of a piece of property pay taxes de-
linquent thereon and receive a valid transfer of the tax
lien and (2) whether a homestead may be foreclosed upon
legally for the sale of taxes due thereon.

          Relating to your first question we enclose a copy
of our opinion No. 0-2830 concerning the status of a trans-
feree of the tax lien under Article 7345a, Vernon's Civil
Statutes.  As pointed out in that opinion said Article 7345a
is largely declaratory of the rights of subrogation existing
prior to the passage thereof.  Since in that opinion we went
rather fully into the question of the rights acquired by the
transferee of a tax lien we deem no further discussion neces-
sary under your first question other than to say that in our
opinion said Article 7345a is valid and by complying with its
provisions a person may at the request of a land owner pay
taxes delinquent on land owned by the latter and obtain a valid
transfer of the tax lien from whatever taxing authority may be
due the taxes.  Your letter is accompanied by a form which your
office has promulgated for use in transferring tax liens.  We
have examined that form and find that it complies fully with
the requirements of Article 7345a and its use therefore bears
our approval.

          It has been well established by the decisions of our
courts that the homestead is liable and may be foreclosed upon
not only for the taxes which are assessed upon it but also for
the penalties which the law prescribes in case of failure to
make payment of such taxes.  City of San Antonio v.Toepperwein
133 S.W.416, by the Supreme Court; Tate v. McCraw, 73 S.W. (2)
559; Stephens v. City of El Paso, 81 S.W. (2) 149.  Accordingly
we answer your second question in the affirmative.

GRL:rw:hp                        Yours very truly,      Approved
Encl.                       ATTORNEY GENERAL OF TEXAS   Opinion
APPROVEDNOV 1, 1940              /s/ Glenn R. Lewis     Committee
/s/ Gerald C. Mann           By Glenn R. Lewis, Assistant  by BWB
    ATTORNEY GENERAL OF TEXAS                          Chairman